PHILIP R. SELLINGER
United States Attorney
JOHN STINSON
Assistant U.S. Attorney
401 Market Street, 4th Floor
Camden, NJ 08101
856-757-5139
john.stinson@usdoj.gov
*Attorneys for McFerren Sockwell*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY,<br><br>v.<br><br>MCFERREN SOCKWELL,<br><br>*Defendant.* | Civil Action No. 23-cv-2177<br><br>Complaint No. 0601-S-2013-000013 in the Bridgeton Joint Municipal Court, Cumberland County, NJ<br><br>**<u>NOTICE OF REMOVAL WITH REQUEST TO STAY FURTHER PROCEEDINGS</u>** |

To: MARIE L. KEITH                         SHANNA MCCANN, ESQ.
    Court Administrator                    Municipal Prosecutor
    Bridgeton Joint Municipal Court        Bridgeton Joint Municipal Court
    330 Fayette Street                     330 Fayette Street
    Bridgeton, NJ 08302                    Bridgeton, NJ 08302

    TAHNISJIA M. JOHNSON                   CLERK OF THE COURT
    205 Cottage Avenue #134                Bridgeton Joint Municipal Court
    Bridgeton, NJ 08302-4021               330 Fayette Street
    *Complainant*                          Bridgeton, NJ 08302

PLEASE TAKE NOTICE that this action, previously pending in the Bridgeton Joint Municipal Court in Cumberland County, New Jersey as Complaint No. 0601-S-2023-000013 (the "Municipal Court Action"), is hereby removed to the United States District Court for the District of New Jersey under 28 U.S.C. §§ 1442(a), 1455. Through this filing, defendant McFerren Sockwell also requests a stay of further proceedings in this matter in the Bridgeton Joint Municipal Court.

Defendant McFerren Sockwell, by and through his undersigned attorneys, respectfully states the following in support of the removal of the Municipal Court Action and request for stay, upon information and belief:

## Background: The Charges Against Mr. Sockwell

1. On January 6, 2023, the Bridgeton Joint Municipal Court issued a complaint and summons charging Mr. Sockwell with the petty disorderly persons offense of harassment, in violation of N.J.S.A. 2C:33-4(c), for alleged "alarming conduct . . . with purpose to alarm or seriously annoy such other person." *See* Ex. 1.

2. Under the cited statute, "a person commits a petty disorderly persons offense if, with purpose to harass another, he [e]ngages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person." N.J.S.A. 2C:33-4(c).

3. The complaint charging Mr. Sockwell with harassment was signed (and certified) by Tahnisjia M. Johnson, a private citizen residing at 205 Cottage Avenue #314, Bridgeton, NJ.

## Mr. Sockwell's Actions as a Federal Officer

4. The complaint arises from Mr. Sockwell's presence at the Ivy Square Apartments at 205 Cottage Avenue in Bridgeton during business hours. Mr. Sockwell is a mail carrier for the United States Postal Service ("USPS") who was on the property, and acting within the scope of his federal employment, delivering mail to residents of the apartment complex.

5. USPS is an independent establishment of the executive branch of the United States. 309 U.S.C. § 201. USPS conducts the business of delivering the

postal mail, which the Supreme Court recognized as a "sovereign function" and a "sovereign necessity" undertaken by the executive branch of the federal government. *United States Postal Serv. v. Council of Greenburgh Civic Assocs.*, 453 U.S. 114, 121 (1981).

6. USPS assigned Mr. Sockwell to deliver letters, package, and other mail to residents of the Ivy Square Apartments in Bridgeton, including to residents of Unit 134.

7. At all times relevant to the charges in the summons and complaint, Mr. Sockwell was a federal officer discharging the assigned duties of his federal employment.

**8.** Specifically, on the day in question, Mr. Sockwell knocked on the door of Unit 134 and attempted to communicate with any adult inside the unit about a piece of mail addressed to that unit.

## Procedural History

9. At some point in January 2023, Mr. Sockwell received a complaint and summons at his home in Vineland, New Jersey from the Bridgeton Joint Municipal Court charging him with harassment, in violation of N.J.S.A. 2C:33-4(c). *See* Ex. 1.

10. Mr. Sockwell notified his Postmaster of the charge and requested legal representation from the Department of Justice. USPS concurred with this representation request.

11. On April 10, 2023, the Department of Justice granted Mr. Sockwell representation under 28 C.F.R. § 50.15(a)(2) in connection with the harassment charge. Under this regulation, the Department of Justice may represent a current

3

or former federal employee "in civil, criminal and Congressional proceedings in which he is sued, subpoenaed, or charged in his individual capacity . . . when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment and the Attorney General or his designee determines that providing representation would otherwise be in the interest of the United States."

12. This Office understands that Mr. Sockwell appeared in the Bridgeton Joint Municipal Court on February 14, 2023 and notified the prosecutor or someone in the prosecutor's office that he was seeking legal representation for this case.

13. As a result, the Bridgeton Joint Municipal Court rescheduled the initial appearance for the harassment charge against Mr. Sockwell for April 25, 2023 at 2 p.m.

## Basis for Removal of the Municipal Court Action

14. The Municipal Court Action is subject to 28 U.S.C. § 1442(a)(1). Under this statute, a "criminal prosecution that is commenced in a State court and that is against or directed to . . . any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office" may be removed to the district court of the United States for the district and division embracing the place where the criminal prosecution is pending.

15. "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district

4

court may enter an order granting the defendant or defendants leave to file the notice at a later time." § 1455(b)(1).

16. Removal under § 1442(a) is appropriate because Mr. Sockwell was acting within scope of his employment as a letter carrier for the USPS during the time and in the place that he allegedly committed harassment in violation of N.J.S.A. 2C:33-4(c). Furthermore, Mr. Sockwell denies the charge, and he has federal immunity from prosecution under the Supremacy Clause of the United States Constitution. *See In re Neagle*, 135 U.S. 1, 75 (1890); *New York v. Tanella*, 374 F.3d 141, 147 (2d Cir. 2004). Moreover, by issuing this complaint against Mr. Sockwell, the State of New Jersey is effectively attempting to use its police powers to hold him personally responsible for actions taken in the performance of his federal duties.

17. Removal is timely because the municipal court has not arraigned Mr. Sockwell or commenced his trial. Mr. Sockwell's initial appearance before the municipal court is scheduled for April 25, 2023 at 2 p.m.

18. The United States District Court for the District of New Jersey is the federal district embracing the place in which the Municipal Court Action is pending.

19. Further, to the extent that the complainant, Ms. Johnson, seeks to bring a common law tort claim for harassment or similar civil wrongdoing for Mr. Sockwell's alleged conduct, such a claim can only be brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680. Federal district courts "have exclusive jurisdiction of civil actions on claims against the United States" for person]al or property damage "caused by the negligent or wrongful act or omission

of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

20. A copy of this notice of removal will be filed via both facsimile and U.S. mail to the Bridgeton Joint Municipal Court. *See* Ex. 2 (letter to the municipal court). This Office confirmed with the municipal court via phone that these methods of service were acceptable.

### Request for a Stay of the Municipal Court Action

21. Under 28 U.S.C. § 1455(b)(3), "[t]he filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded."

22. Unless dismissed by the prosecutor, Mr. Sockwell respectfully requests that the Bridgeton Joint Municipal Court stay the Municipal Court Action pending resolution of this matter in federal district court.

23. A stay would avoid wasting the parties' and the municipal court's resources and be in the interest of justice.

### Request for Continuance

24. If the Bridgeton Joint Municipal Court declines to stay this matter, in the alternative, counsel requests a continuance of the April 25, 2023 hearing date. Counsel was obligated on that date and time prior to the Department of Justice granting Mr. Sockwell's request for representation.

THEREFORE, the Municipal Court Action is hereby removed to the United States District Court for the District of New Jersey for further proceedings, and the municipal court should stay any remaining proceedings concerning Mr. Sockwell pending resolution of this matter in federal district court (or, in the alternative, continue the April 25, 2023 hearing).

Respectfully submitted,

PHILIP R. SELLINGER  
United States Attorney

April 19, 2023   By:   */s/ John Stinson*  
JOHN STINSON  
Assistant U.S. Attorney  
*Attorneys for McFerren Sockwell*

## **CERTIFICATE OF SERVICE**

      I, John Stinson, certify that on this 19th day of April, 2023, I served all of the parties, parties-in-interest, and public officials listed at the top of this notice of removal with this filing by First Class U.S. Mail, postage pre-paid.

                                    */s/ John Stinson*
                                    John Stinson
                                    Assistant United States Attorney