PHILIP R. SELLINGER
United States Attorney
JOHN STINSON
Assistant U.S. Attorney
401 Market Street, 4th Floor
Camden, NJ 08101
856-757-5139
john.stinson@usdoj.gov
*Attorneys for McFerren Sockwell*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STATE OF NEW JERSEY,<br><br>v.<br><br>MCFERREN SOCKWELL,<br><br>*Defendant.* | Civil Action No. 23-cv-2177-RMB<br><br>(formerly Complaint No. 0601-S-2013-000013 in the Bridgeton Joint Municipal Court, Cumberland County, NJ) |

**NOTICE OF MOTION TO DISMISS FOR LACK OF PROSECUTION
PURSUANT TO RULE 41(b) OF THE FEDERAL RULES OF CIVIL
PROCEDURE OR, ALTERNATIVELY, TO DISMISS UNDER RULES 12(b)
AND 48 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

To:   SHANNA MCCANN, ESQ.          TAHNISJIA M. JOHNSON
      Municipal Prosecutor          205 Cottage Avenue #134
      201 West Commerce Street      Bridgeton, NJ 08302-4021
      Bridgeton, NJ 08302           *Complainant*

PLEASE TAKE NOTICE that the defendant in this action, federal employee McFerren Sockwell (the "Defendant"), moves to dismiss this action for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure or, alternatively, to dismiss under Rules 12(b) and 48 of the Federal Rules of Criminal Procedure. Pursuant to Local Civil Rule 7.1(d)(4), Defendant proceeds on this motion with a statement in lieu of brief and will refer to the Notice of Removal at ECF No. 1. A proposed form of order is also enclosed.

The return date for this motion is August 21, 2023, and any response in

opposition is due on or before August 7, 2023.

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney

July 20, 2023                    By:   */s/ John Stinson*
                                       JOHN STINSON
                                       Assistant U.S. Attorney
                                       *Attorneys for McFerren Sockwell*

2

PHILIP R. SELLINGER
United States Attorney
JOHN STINSON
Assistant U.S. Attorney
401 Market Street, 4th Floor
Camden, NJ 08101
856-757-5139
john.stinson@usdoj.gov
*Attorneys for McFerren Sockwell*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY,<br><br>v.<br><br>MCFERREN SOCKWELL,<br><br>*Defendant.* | Civil Action No. 23-cv-2177-RMB<br><br>(formerly Complaint No. 0601-S-2013-000013 in the Bridgeton Joint Municipal Court, Cumberland County, NJ) |

## DEFENDANT'S STATEMENT IN LIEU OF BRIEF
## IN SUPPORT OF HIS MOTION TO DISMISS

In support of his motion, Defendant states as follows:

1.      This matter concerns a disorderly persons complaint asserted against

Defendant in Bridgeton Joint Municipal Court by the above-named complainant.

ECF No. 1, Exhibit A (municipal complaint). Defendant has provided notice of this

motion to the Municipal Prosecutor and the complainant.

2.      Defendant, a mail carrier for the United States Postal Service, was

acting within the scope of his employment at the time of the events at issue in this

municipal complaint. ECF No. 1. As a result, on April 19, 2023, Defendant removed

the matter from Bridgeton Joint Municipal Court. *Id.*

3.      Since the removal, the Municipal Prosecutor has been unable or
unwilling to proceed on the matter in this Court, including on any agreement to
dismiss the matter by stipulation.

4.      Upon information and belief, since the removal, the complainant has
not responded to communications from the Municipal Prosecutor about the matter.

5.      In light of the foregoing, Defendant moves under Rule 41(b) of the
Federal Rules of Civil Procedure, or in the alternative under Rule 48 of the Federal
Rules of Criminal Procedure, for an order dismissing this case for failure to
prosecute.

6.      If this Court concludes that it should not dismiss for failure to
prosecute, it should still dismiss this matter on the merits. The municipal complaint
against Defendant is meritless, and Defendant has multiple defenses to this action
that warrant dismissal under Rule 12(b) of the Federal Rules of Criminal
Procedure.

7.      **First**, a federal officer is immune from state prosecution where the
conduct of which he is accused (1) was performed in the course and scope of
employment; and (2) was reasonably necessary and proper for his official duties.
*See, e.g., In re Neagle*, 135 U.S. 1, 75 (1890); *New York v. Tanella,* 374 F.3d 141, 147
(2d Cir. 2004); *New Jersey v. Bazin*, 912 F. Supp. 106, 115 (D.N.J. 1995).

8.      Here, Mr. Sockwell was performing his duties as a mail carrier for the
United States Postal Service and making an inquiry about a delivery to the
complainant's address. ECF No. 1 ¶¶ 4-8.

2

9.      "[O]nce a threshold defense of immunity is raised, the State bears the burden of 'com[ing] forward with an evidentiary showing sufficient at least to raise a genuine factual issue whether the federal officer was . . . doing no more than what was necessary and proper for him to do in the performance of his duties.'" *Tanella*, 374 F.3d at 147 (quoting *Kentucky v. Long*, 837 F.2d 727, 752 (6th Cir. 1988)).

10.     New Jersey has come forward with no such evidence, so this Court can and should dismiss this matter based on Mr. Sockwell's assertion of immunity.

11.     **<u>Second</u>**, the charge against Mr. Sockwell must be dismissed because the allegations do not constitute harassment under the New Jersey Criminal Code.

12.     The municipal complaint charges Mr. Sockwell with harassment under N.J.S.A. 2C:33-4c, which requires proof that he engaged in a "course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person." *See* ECF No. 1, Exhibit A; N.J.S.A. 2C:33-4c.

13.     Thus, in addition to proving a course of conduct or repeated acts, New Jersey must prove that the defendant had the specific intent to alarm or seriously annoy the complainant here. *State v. Burkert*, 135 A.3d 150, 155 (N.J. App. Div. 2016), *aff'd*, 174 A.3d 987 (N.J. 2017).

14.     The complainant reported that Sockwell was "banging on [her] front door and yelling at her in an assertive tone asking for her name. The defendant also would not allow [her] to close her door by placing his foot in front of same." *Id*. This allegedly happened while Mr. Sockwell was delivering mail in the ordinary course of his work as a postal carrier. ECF No. 1 ¶¶ 4-8.

15.     There is nothing in the record to suggest either a repeated course of conduct or any intent to harass or annoy the complainant. With no showing whatsoever of intent to harass, no conviction is possible. *State v. Hoffman*, 695 A.2d 236, 242 (N.J. 1997).

16.     **Third**, under N.J.S.A. 2C:2-11, a judge may dismiss a prosecution if it determines that the offense was too trivial to warrant conviction. Courts in this district have recognized and applied this *de minimis* exception to removed actions like this one brought against federal employees. *See New Jersey v. Bazin*, 912 F. Supp. 106, 112-15 (D.N.J. 1995) (holding that a New Jersey harassment charge should be dismissed under the *de minimis* exception).

17.     To the extent the acts alleged by the complainant rise to the level of harassment (they do not), they nonetheless are inconsequential, and New Jersey law supports dismissal. N.J.S.A. 2C:2-11 (allowing dismissal for "trivial" infractions or "other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense").

18.     Here, Mr. Sockwell, a mail carrier for the United States Postal Service, knocked on a customer's door to inquire about a delivery to that address, ECF No. 1 ¶¶ 4-8 , and Sockwell was allegedly assertive and demanding about obtaining the information he sought about that piece of mail, *id*. at Ex. A. This is both "trivial" and constitutes extenuating circumstances that the New Jersey legislature did not intend to punish. New Jersey lawmakers did not intend to interfere with a mail

carrier's efforts to ensure proper mail delivery through assertive inquiries concerning the occupants of an address.

19.     Accordingly, for any of the three reasons state above, even if this Court declines to dismiss this matter for lack of prosecution, it should dismiss New Jersey's complaint against Mr. Sockwell on the merits.

WHEREFORE, the Defendant respectfully requests that this Court issue an order dismissing this matter.

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney

July 20, 2023                    By:    */s/ John Stinson*
                                        JOHN STINSON
                                        Assistant U.S. Attorney
                                        *Attorneys for McFerren Sockwell*

## CERTIFICATE OF SERVICE

I, John Stinson, certify that on this 20th day of July, 2023, I served both of the persons listed at the top of this motion with this filing by First Class U.S. Mail, postage pre-paid.

/s/ John Stinson
John Stinson
Assistant United States Attorney